JUDGE STANTON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Y.N. STORE AND ROYAL BOW CO. LTD.,

                  Plaintiffs,

- against -

ASIATIC SHIPPING SERVICES INC.,

                  Defendant.

------------------------------------------------------------X

'07 CIV 6068

07 Civ. _____

ECF CASE



RECEIVED JUN 27 2007 U.S.D.C. S.D.N.Y. CASHIERS

### VERIFIED COMPLAINT

Plaintiffs, Y.N. STORE (hereinafter "YN") and ROYAL BOW CO. LTD. ("RBC") (collectively referred to as "Plaintiffs"), by and through their attorneys, Lennon, Murphy & Lennon, LLC, as and for their Verified Complaint against the Defendant, ASIATIC SHIPPING SERVICES INC. ("Asiatic" or "Defendant") allege, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.    At all times material to this action, Plaintiff YN was, and still is, a foreign company duly organized and operating under foreign law with an address at 13 Fourah Bay Road Road, Freetown, Sierra Leone.

3.    At all times material to this action, Plaintiff RBC was, and still is, a foreign company duly organized and operating under foreign law with an address at P.O. Box, 1214 Donsoman, Accra, Ghana.

4.    Upon information and belief, Defendant Asiatic was, and still is, a foreign corporation, or other business entity organized and existing under foreign law, whose registered office is in Panama City, Panama.

## AS AND FOR THE FIRST CAUSE OF ACTION ON
## BEHALF OF PLAINTIFF YN AGAINST DEFENDANT ASIATIC

5.  At all material times Plaintiff YN was the cargo owner and receiver of 14,000 MT of Vietnamese long grain white rice.

6.  At all material times, Defendant Asiatic was the Carrier of the above cargo.

7.  Plaintiff YN's cargo of 14,000 MT of Vietnamese long grain rice was laden on board the motor vessel "GREAT BLOSSOM" under Bills of Lading nos. 1/HCM – T(A) and 1/HCM-SL issued by the and on behalf of the Defendant Asiatic at Ho Chi Min City on June 29, 2005 for carriage from Ho Chi Min City to Freetown, Sierra Leone.

8.  Pursuant to the bills of lading, the "GREAT BLOSSOM" arrived at Freetown on August 16, 2005 and began unloading.

9.  The discharge of cargo was completed on August 31, 2005.

10. On discharge, the cargo was found to be short loaded, torn or empty, and/or wet and moldy.

11. Certain disputes arose between YN and Asiatic regarding the short loading and damage of the cargo.

12. In breach of the contacts of carriage as evidenced by the bills of lading, the cargo whilst in the custody of Asiatic was torn, damaged and became moldy and arrived short loaded.

13. Furthermore, Asiatic was negligent in its care of the cargo, including loading, stowage, handling, custody, discharge and delivery.

14. In addition, Defendant breached its duty as bailee.

15. As a result of Defendant's negligence and breach of the contracts of carriage as evidenced by the bills of lading and its duties as bailee, Plaintiff YN has suffered damages in the

principal amount of $97,599.91, exclusive of interest, reasonable attorney's fees and litigation costs.

16. Pursuant Clause 26 in the bills of lading, the instant dispute is subject to English law and jurisdiction.

17. Despite due demand, Defendant has failed and/or refused to pay the sums due and owing to YN.

18. Thus, YN has initiated proceedings in English High Court of Justice against Asiatic on its claims.

19. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to English Law. As best as can now be estimated, YN expects to recover the following amounts in the Final Judgment(s) and Award of Costs:

| | | |
|---|---|---:|
| A. | Principal claim: | $97,599.91 |
| B. | Interest on claims:<br>2 years at 9.25%[1], compounded quarterly from the date of Asiatic's breach (August 16, 2005) until the estimated date of recovery (August 16, 2009): | $43,140.03 |
| C. | Attorneys' fees:<br>Fees already incurred:<br>Estimated future fees: | $27,373.33<br>$35,382.32 |

Total **$203,495.59**

### AS AND FOR THE SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF RBC AGAINST DEFENDANT ASIATIC

20-23. Paragraphs 1 through 4 of this Verified Complaint are incorporated by reference in this Second Count as if set forth herein at length.

---

[1] 1% over the U.S. prime rate of 8.25%.

24. At all material times Plaintiff RBC was the cargo owner and receiver of 10,500 MT of Vietnamese long grain white rice.

25. At all material times, Asiatic was the Carrier of the above cargo.

26. RBC's cargo of 10,500 MT of Vietnamese long grain rice was laden on board the motor vessel "GREAT BLOSSOM" under Bills of Lading nos. 1/HCM-T(B)1 and 1/HCM-T(B)2 issued by the and on behalf of the Defendant Asiatic at Ho Chi Min City on July 3, 2005 for carriage from Ho Chi Min City to Tema, Ghana.

27. Pursuant to the bills of lading, the "GREAT BLOSSOM" arrived at Tema on September 5, 2005 and began unloading.

28. The discharge of cargo was completed on September 13, 2005.

29. On discharge, the cargo was found to be short loaded, torn or empty, and/or wet and moldy.

30. Certain disputes arose between RBC and Asiatic regarding the short loading and damage of the cargo.

31. In breach of the contacts of carriage as evidenced by the bills of lading, the cargo whilst in the custody of Asiatic was torn, damaged and became moldy and arrived short loaded.

32. Furthermore, Asiatic was negligent in its care of the cargo, including loading, stowage, handling, custody, discharge and delivery.

33. In addition, Defendant breached its duty as bailee.

34. As a result of Defendant's negligence and breach of the contracts of carriage as evidenced by the bills of lading and its duties as bailee, Plaintiff RBC has suffered damages in the principal amount of $53,087.33, exclusive of interest, reasonable attorney's fees and litigation costs.

35. Pursuant to Clause 26 in the bills of lading, the instant dispute is to be submitted to subject to English law and jurisdiction.

36. Despite due demand, Defendant has failed and/or refused to pay the sums due and owing to RBC.

37. Thus, RBC has initiated proceedings in English High Court of Justice against Asiatic on its claims.

38. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to English Law. As best as can now be estimated, RBC expects to recover the following amounts in the Final Judgment(s) and Award of Costs:

| | | |
|---|---|---|
| A. | Principal claim: | $53,087.33 |
| B. | Interest on claims:<br>2 years at 9.25%, compounded quarterly from the date of Asiatic's breach (September 5, 2005) until the estimated date of recovery (September 5, 2009): | $23,465.07 |
| C. | Attorneys' fees:<br>Fees already incurred:<br>Estimated future fees: | $27,373.33<br>$35,382.32 |

**Total**                                                                    **$139,308.05**

### PRAYER FOR ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT PURSUANT TO SUPPLEMENTAL ADMIRALTY RULE B

39. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

40. The Plaintiffs seek an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiffs' claims as described above.

**WHEREFORE**, Plaintiffs pray:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That pursuant to 9 U.S.C. §§ 201 et. seq. this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount of **$342,803.64** calculated to date to secure the Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E. That this Court award Plaintiffs their attorneys' fees and costs of this action; and

F. That the Plaintiffs have such other, further and different relief as the Court may deem just and proper.

Dated: June 27, 2007
       Southport, CT

                       The Plaintiffs,
                       Y.N. STORE AND ROYAL BOW CO. LTD.

By: _____
Patrick F. Lennon (PL 2162)
Nancy R. Peterson (NP 2871)
LENNON, MURPHY & LENNON, LLC
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – phone
(212) 490-6070 – fax
pfl@lenmur.com
nrp@lenmur.com

7

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )    ss.:    Southport
County of Fairfield  )

1.    My name is Nancy R. Peterson.

2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.    I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiffs.

4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.    The reason why this Verification is being made by the deponent and not by the Plaintiffs is that the Plaintiffs are business organizations with no officers or directors now within this District.

6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiffs and agents and/or representatives of the Plaintiffs.

7.    I am authorized to make this Verification on behalf of the Plaintiffs.

Dated:    June 27, 2007
            Southport, CT

                                          Nancy R. Peterson